BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, Plaintiff and Appellant, *v.* J. M. ASTOR ET AL., Defendants and Appellees.

No. 5071. Argued April 11, 1930.—Decided April 29, 1930.

*E. Martínez Avilés,* for appellant. *A. Lens Cuena* and *Francisco M. Susoni,* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Banco Territorial y Agrícola brought suit in a municipal court against J. M. Astor and Osvaldo Padilla to recover from them as solidary debtors a certain sum of money. A judgment against J. M. Astor having been rendered, it was sought to collect the same on execution out of the salary he earned in the commercial establishment of Barceló & Co., *S. en C.,* garnishee. That firm refused to deliver the garnished salary and Jaime Barceló, a managing partner, was cited for contempt of court and thereafter discharged. Thereupon an appeal was taken by the garnishor bank to the District Court of Arecibo, which entered a judgment holding that the decision of the municipal court was not appealable and, hence, that it had no jurisdiction of the case. From that judgment the present appeal has been taken. The appellee did not appear at the hearing of the appeal.

Two grounds for reversal are assigned by the appellant

bank, to wit: that the lower court erred in holding that it had no jurisdiction of the appeal taken before it, and in holding that a judgment of dismissal in a case of civil contempt is not appealable. In reality, these two grounds can be condensed into a single question, namely, whether or not an order of a municipal court discharging the defendant in contempt proceedings is appealable.

The right of appeal is a statutory right and, according to section 1 of the Act of March 11, 1908, regulating appeals from the judgments of municipal courts in civil cases, as amended by Act No. 13, approved November 14, 1917 (Session Laws (2), p. 225), when a municipal court has entered judgment in a civil case, disposing finally thereof, any party to the action who considers himself aggrieved may appeal to the district court for the judicial district in which the municipal court is situated. The law only grants the right of appeal from final judgments in municipal courts in civil cases of which they have jurisdiction. It is not a question here of a judgment finally disposing of the case, but of an order made after judgment on a motion to punish for contempt. As such an order is not appealable, the district court had no jurisdiction of the appeal. Where the law has meant to grant the right of appeal from any special order made after judgment, it has expressly so provided, as it has been done in subdivision 3 of section 295 of the Code of Civil Procedure regarding appeals from the decisions of district courts.

It is contended by the appellant that its former appeal lies because it is authorized, not under section 1 of the Act of 1908 already cited, but under section 294 of the Code of Civil Procedure, since it is provided in the latter section that any party aggrieved may appeal in the cases prescribed in the said code. This is a general provision which, by its own terms, is limited to the cases where the statute itself prescribes or specifies the decisions that are appealable, and can not serve as a basis for the appeal involved here.

The appellant further contends, citing the case of *Rivera*

v. *Aybar,* 32 P.R.R. 504, that the appeal in question also lies under subdivision 3 of section 295 of the Code of Civil Procedure, as the provisions enacted in the said subdivision for district courts are applicable to municipal courts. The decision cited has no application to the case at bar, because in that decision the law which regulates changes of venue in district courts was made extensive to municipal courts, as there is no statute expressly providing for such transfers in the latter courts; whereas, as regards appeals from municipal courts, there is a statute, which provides only for appeals from final judgments. The other case cited by the appellant —*Lawton* v. *Rodríguez,* 38 P.R.R. 34—is not applicable herein, since the order which was the subject of the appeal in that case originated in the district court.

By reason of the foregoing, the judgment appealed from must be affirmed.

Mr. Justice Wolf concurs in the judgment.